By the Court
 

 (Kinkade, J.).
 

 The city of Portsmouth, Ohio, duly determined to repair two of the streets of the city by resurfacing the same between designated points. This work was undertaken pursuant to Section 61 of the Charter of the City of Portsmouth, which reads as follows: “All the contracts for public work or improvements shall be awarded to the lowest and best responsible bidder, after public advertisement and competition as may be prescribed by ordinance, but the city manager shall have the power to reject any and all bids and advertise again. All advertisements as to such contracts shall contain a reservation of the foregoing right.”
 

 Several parties bid upon the work, pursuant to the advertisement published by the city, asking bids for
 
 *402
 
 doing the work. Complete bids were requested upon each separate street to be repaired. One of the bidders inclosed in the same envelope that contained its bid a letter addressed to the city manager, reading as follows:
 

 “Columbus, Ohio, 310 Stoneman Bldg.,
 

 “July 11, 1930.
 

 “The City Manager, Portsmouth, Ohio. Dear Sir:
 

 “The enclosed proposals for ‘Resurfacing Find-lay street from Ninth street to Sixteenth street’ and ‘Eighth street from Gallia to Campbell avenue’ are predicated upon our being awarded both jobs.
 

 “In the event we are awarded the work we are in a position to begin operations at once and complete same within thirty working days. We are just completing a job for the Ohio State highway department at Dover, Ohio, and our plant will be immediately available for the work.
 

 “Respectfully submitted,
 

 “Swingle, Robinson & Burns,
 

 By H. B. Burns. ’ ’
 

 When the bids were opened and investigated, it was found that the bids of the bidder inclosing the above letter were in fact the lowest bid for the work on each street. The city manager decided to ignore the letter and award the work on each street to this bidder, because its bid was the lowest and best bid for the work. Other bidders learned of the fact that this letter had accompanied the bids of the lowest bidder, and demand was made upon the city manager that he reject these bids as irregular and not entitled to be considered. This the city manager refused to do, and thereupon the defendant in error
 
 *403
 
 made demand upon the city solicitor that he bring an action to enjoin the letting of the work to this bidder. The city solicitor declined to take this action, whereupon the defendant in error as a taxpayer of the city of Portsmouth brought this action to secure such injunction. The trial court and the Court of Appeals found that the bids were illegal by reason of being accompanied by the letter mentioned, and issued an injunction restraining the city manager from letting the work to the bidder who sent the letter. The plaintiffs in error prosecute error to this court.
 

 We have no difficulty in reaching the conclusion that the city manager was clearly within his rights in disregarding the letter, because it was no part of the bids. The bids in themselves were complete in every requirement, and, being the lowest and best bids submitted, it was not only the right, but the duty as well, of the city manager to award the contracts accordingly.
 

 The judgments of the trial and appellate courts will be reversed, and the cause remanded, with instructions to vacate the injunction in order that the contract for the work may be executed and the improvement completed.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Matthias, Allen, and Robinson, JJ., concur.